FILED
Jeffrey A. Apperson, Clerk
DEC 2 1 2005
U. S. DISTRICT COURT
WEST'N. DIST. KENTUCKY

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
OWENSBORO DIVISION
CIVIL ACTION NO. 4:05CV-183M

AMANDA WEST                                                                     PLAINTIFF

V.

## COMPLAINT

TYSON FOODS, INC.

      Serve: (through Kentucky Secretary of State pursuant to KRS 454.210)

      Tyson Foods, Inc.
      c/o The Corporation Company
      425 West Capitol Avenue
      Suite 1700
      Little Rock, Arkansas 72201

*******

This is an action for the violation of the civil rights of the Plaintiff, Amanda West, under Title VII of the Civil Rights Act of 1964 as well as the Kentucky Civil Rights Act, KRS 344 et seq., against Mrs. West's former employer, Tyson Foods, Inc. who subjected Mrs. West to unequal terms, conditions and privileges of employment, including constructive discharge, because of her gender (sexual harassment) and further retaliated against Mrs. West.

## PARTIES & JURISDICTION

1. Plaintiff, Amanda West, hereinafter "Plaintiff," is a citizen of the Commonwealth of Kentucky, and resides at 8093 Cheatham Road, Reed, Kentucky 42451.

2. Defendant, Tyson Foods, Inc. (hereinafter "Tyson"), is a corporation organized under the laws of Delaware and whose registered service agent is The Corporation Company, 425 West Capitol Avenue, Suite 1700, Little Rock, Arkansas 72201.

3. Tyson operates a chicken processing plant in Robards, Kentucky.

4. Tyson is an employer subject to the provisions of Title VII of the Civil Rights Act of 1964

and is also an employer subject to the provisions of the Kentucky Civil Rights Act, KRS Chapter 344.

5. On or about January 10, 2005, Mrs. West was hired to work for Tyson at its Robards, Kentucky facility.

6. Mrs. West worked for Tyson until on or about February 10, 2005, at which time her employment with Tyson was terminated.

7. During the course of her employment with Tyson, Mrs. West was subjected to harassment of a sexual nature by the agents and employees of Tyson.

8. During the course of her employment with Tyson, Mrs. West reported the illegal harassment to members of management and/or agents and employees of Tyson.

9. Tyson failed to take prompt and remedial action as a result of Mrs. West's reports of sexual harassment and further retaliated against Mrs. West as a result of her reporting.

10. Mrs. West was constructively terminated from her employment with Tyson.

11. It is illegal, under Title VII of the Civil Rights Act of 1964, as amended, to discriminate against an employee based upon her gender, and it is also illegal to retaliate against an employee for the reporting of sexual harassment.

12. Likewise, it is illegal under KRS Chapter 344 to discriminate against an employee because of her gender, and it is also illegal to retaliate against an employee for the reporting of sexual harassment.

13. Mrs. West pursues this action under Title VII of the Civil Rights Act of 1964, following receipt of a Notice of Right to Sue issued by the EEOC on or about September 26, 2005, thereby establishing subject matter jurisdiction in this Court pursuant to 28 U.S.C. § 1331, § 1343 and the jurisdictional provisions of Title VII, 42 U.S.C. § 2000 e-5 (f)(3). A copy of the Notice of Right to Sue is attached hereto as Exhibit A.

14. Tyson resides in this judicial district by virtue of its processing plant in Robards, Kentucky and the events giving rise to the claim at issue occurred in this judicial district, thereby placing venue properly in this Court pursuant to 28 U.S.C. § 1391(b) and the venue provisions of Title VII, 42 U.S.C. § 2000e-5(f)(3).

15. Mrs. West also pursues certain claims under the laws of the Commonwealth of Kentucky, particularly KRS Chapter 344. Said claims address the identical factual scenario as and are so related to the Title VII claims that they form part of the same case or controversy under Article III of the United States Constitution. This Court has subject matter jurisdiction over such claims pursuant to 28 U.S.C. § 1367.

### COUNT I - DISCRIMINATION UNDER TITLE VII OF THE CIVIL RIGHTS ACT OF 1964

16. Plaintiff reiterates and incorporates the allegations contained in paragraphs 1 through 15 of this Complaint as if set forth at length herein.

17. Plaintiff is a female.

18. During Plaintiff's employment, Tyson subjected Plaintiff to unequal terms, conditions and privileges of employment and created a hostile, intimidating and offensive work environment because of her gender, and this treatment culminated with the constructive discharge of Plaintiff on or about February 10, 2005. All such conduct violated Title VII of the Civil Rights Act of 1964, as amended.

19. That said conduct had the direct and foreseeable effect of interfering with Plaintiff's job performance, forcing Plaintiff to endure embarrassment, humiliation, and other indignities, as well as subjecting Plaintiff to psychological and emotional distress.

20. That Tyson's conduct caused Plaintiff to suffer tangible job detriment, including but not limited to loss of career, loss of wages and benefits, humiliation, embarrassment, as well as psychological and emotional distress, all to her detriment, in an amount in excess of the

21.     jurisdictional limits of this Court.

22.     By this action, Plaintiff seeks all appropriate damages recoverable under Title VII, including damages for back and front pay, damages for past, present, and future embarrassment, humiliation, and emotional distress, damages for other losses occasioned by Defendant's behavior, punitive damages, and all recoverable attorney fees and costs.

### COUNT II - RETALIATION

22. That the Plaintiff reiterates and incorporates the allegations contained in paragraphs 1 through 21 of the Complaint as set forth at length herein.

23. That on numerous occasions, Plaintiff complained to various agents and/or employees of Tyson regarding the discrimination described above.

24. That as a result of Plaintiff's complaints of sexual harassment, Plaintiff has been subjected to retaliation, including being subjected to a hostile, intimidating and offensive work environment which ultimately resulted in the termination of Plaintiff's employment with Defendant.

25. That the acts of harassment and retaliation were committed by Defendant through its agents and employees.

26. That the acts of retaliation by Defendant constitute unlawful retaliation under Title VII of the Civil Rights Act of 1964, which entitles Plaintiff to injunctive relief, monetary damages, and attorney's fees.

27. That the acts of retaliation had the direct and foreseeable effect of interfering with Plaintiff's job performance, forcing Plaintiff to endure embarrassment, humiliation and other indignities, as well as subjecting Plaintiff to psychological and emotional distress.

28. That the acts of retaliation caused Plaintiff to suffer tangible job detriment, including but not limited to loss of career, loss of wages and benefits, humiliation, embarrassment, as well as

psychological and emotional distress, all to her detriment, in an amount in excess of the jurisdictional limits of the Court.

29. By this action, Plaintiff seeks all appropriate damages recoverable under Title VII, including damages for back and front pay, damages for past, present, and future embarrassment, humiliation, and emotional distress, damages for other losses occasioned by Defendant's behavior, punitive damages, and all recoverable attorney fees and costs.

### COUNT III - DISCRIMINATION UNDER THE KENTUCKY CIVIL RIGHTS ACT

30. Plaintiff reiterates and incorporates the allegations contained in paragraphs 1 through 29 of this Complaint as if set forth at length herein.

31. That during Plaintiff's employment, Tyson subjected the Plaintiff to unequal terms, conditions and privileges of employment and created a hostile, intimidating and offensive work environment because of her gender, and this treatment culminated with the constructive discharge of Plaintiff on or about February 10, 2005. All such conduct violated KRS Chapter 344, including but not limited to KRS § 344.040.

32. That said conduct had the direct and foreseeable effect of interfering with Plaintiff's job performance, forcing Plaintiff to endure embarrassment, humiliation, and other indignities, as well as subjecting Plaintiff to psychological and emotional distress.

33. That Defendant's conduct caused Plaintiff to suffer tangible job detriment, including but not limited to loss of career, loss of wages and benefits, humiliation, embarrassment, as well as psychological and emotional distress, all to her detriment, in an amount in excess of the jurisdictional limits of this Court.

### COUNT IV - RETALIATION UNDER THE KENTUCKY CIVIL RIGHTS ACT

34. That the Plaintiff reiterates and incorporates the allegations contained in paragraphs 1

through 33 of the Complaint as set forth at length herein.

35. That on numerous occasions, Plaintiff complained to various agents and/or employees of Tyson regarding the discrimination described above.

36. That as a result of Plaintiff's complaints of sexual harassment, Plaintiff has been subjected to retaliation, including being subjected to a hostile, intimidating and offensive work environment which ultimately resulted in the termination of Plaintiff's employment with Defendant.

37. That the acts of harassment and retaliation were committed by Defendant through its agents and employees.

38. That the acts of retaliation by Defendant constitutes unlawful retaliation under KRS Chapter 344, which entitles Plaintiff to injunctive relief, monetary damages, and attorney's fees pursuant to KRS Chapter 344.

39. That the acts of retaliation had the direct and foreseeable effect of interfering with Plaintiff's job performance, forcing Plaintiff to endure embarrassment, humiliation and other indignities, as well as subjecting Plaintiff to psychological and emotional distress.

40. That the acts of retaliation caused Plaintiff to suffer tangible job detriment, including but not limited to loss of career, loss of wages and benefits, humiliation, embarrassment, as well as psychological and emotional distress, all to her detriment, in an amount in excess of the jurisdictional limits of the Court.

**PRAYER FOR RELIEF**

WHEREFORE, for the reasons stated above, Plaintiff requests the following:

1. A trial by jury;

2. All relief allowed under Title VII of the Civil Rights Act of 1964 and KRS 344.

3. An award of compensatory damages against Defendant under Counts I, II, III, and IV in an

amount that exceeds the jurisdictional limits of this Court;

4. Punitive damages in an amount in excess of the jurisdictional limits of the Court against Defendant under Counts I and II.

5. An Order that Defendant take such affirmative action as may be necessary to redress the effects of Defendants' unlawful discrimination and retaliation, and to correct such discrimination in the future;

6. An Order that Defendant reinstate Plaintiff;

7. Plaintiff's recoverable costs and reasonable attorney's fees as required by statute;

8. Pre-judgment and post-judgment interest, and

9. Any and all other relief to which Plaintiff may be entitled under the facts and circumstances set forth in the Complaint.

    Respectfully submitted,

**RANSDELL & WIER PLLC**

BY: _____
W. KEITH RANSDELL
176 Pasadena Drive
Building 1
Lexington, KY 40503
Telephone: (859) 276-6262
Facsimile: (859) 276-4500

And

BRADLEY P. RHOADS
Rhoads & Rhoads, P.S.C.
115 E. 2nd Street
Suite 100
Owensboro, KY 42303

Y:\Keith\West, Amanda\Complaint.wpd