UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
OWENSBORO DIVISION

AMANDA WEST,

        PLAINTIFF

v.

TYSON FOODS, INC.,

        DEFENDANT.

CIVIL ACTION NO. 4:05-CV-183M

**ELECTRONICALLY FILED**

**ANSWER**

Defendant Tyson Foods, Inc. ("Tyson"), by counsel, for its Answer to the Complaint states as follows:

The first unnumbered paragraph of the Complaint calls for a legal conclusion, therefore Tyson is not required to admit or deny the allegations in the first unnumbered paragraph of the Complaint.

1.       Tyson lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 1 of the Complaint, which has the effect of a denial.

2.       Tyson admits the allegations contained in paragraph 2 of the Complaint.

3.       Tyson admits the allegations contained in paragraph 3 of the Complaint.

4.       Tyson admits the allegations contained in paragraph 4 of the Complaint.

5.       Tyson admits the allegations contained in paragraph 5 of the Complaint.

6.       Tyson admits the allegations contained in paragraph 6 of the Complaint.

7.       Tyson denies the allegations contained in paragraph 7 of the Complaint.

8.       Tyson admits that on one occasion Plaintiff made a report to her supervisor that Hispanic men sometimes allegedly "whooped and hollered" at her, but also informed her

supervisor that she did not want to file a complaint with Human Resources. Tyson also admits that an investigation subsequent to her termination revealed that she made allegations that other conduct occurred to coworkers. Tyson denies the remaining allegations of paragraph 8 of the Complaint.

9.      Tyson denies the allegations contained in paragraph 9 of the Complaint.

10.     Tyson denies the allegations contained in paragraph 10 of the Complaint.

11.     The allegation contained in paragraph 11 of the Complaint is a legal conclusion, and does not warrant an admission or denial.

12.     The allegations contained in paragraph 12 of the Complaint is a legal conclusion, and do not warrant an admission or denial.

13.     The allegation contained in paragraph 13 of the Complaint is a legal conclusion, and does not warrant an admission or denial.

14.     The allegation contained in paragraph 14 of the Complaint is a legal conclusion, and does not warrant an admission or denial.

15.     The allegation contained in paragraph 15 of the Complaint is a legal conclusion, and does not warrant an admission or denial.

16.     Tyson reiterates and incorporates herein its responses set forth in paragraphs 1-15.

17.     Tyson admits the allegations contained in paragraph 17 of the Complaint.

18.     Tyson denies the allegations contained in paragraph 18 of the Complaint.

19.     Tyson denies the allegations contained in paragraph 19 of the Complaint.

20.     Tyson denies the allegations contained in paragraph 20 of the Complaint.

21.     Tyson denies the allegations contained in paragraph 21 of the Complaint.

22.     Tyson reiterates and incorporates herein its responses set forth in paragraphs 1-21.

23.     Tyson admits that on one occasion Plaintiff made a report to her supervisor that Hispanic men sometimes allegedly "whooped and hollered" at her, but also informed her supervisor that she did not want to file a complaint with Human Resources. Tyson also admits that an investigation subsequent to her termination revealed that she made allegations that other conduct occurred to coworkers. Tyson denies the remaining allegations of paragraph 23 of the Complaint.

24.     Tyson denies the allegations contained in paragraph 24 of the Complaint.

25.     Tyson denies the allegations contained in paragraph 25 of the Complaint.

26.     Tyson denies the allegations contained in paragraph 26 of the Complaint.

27.     Tyson denies the allegations contained in paragraph 27 of the Complaint.

28.     Tyson denies the allegations contained in paragraph 28 of the Complaint.

29.     Tyson denies the allegations contained in paragraph 29 of the Complaint.

30.     Tyson reiterates and incorporates herein its responses set forth in paragraphs 1-29.

31.     Tyson denies the allegations contained in paragraph 31 of the Complaint.

32.     Tyson denies the allegations contained in paragraph 32 of the Complaint.

33.     Tyson denies the allegations contained in paragraph 33 of the Complaint.

34.     Tyson reiterates and incorporates herein its responses set forth in paragraphs 1-33.

35.     Tyson admits that on one occasion Plaintiff made a report to her supervisor that Hispanic men sometimes allegedly "whooped and hollered" at her, but also informed her supervisor that she did not want to file a complaint with Human Resources. Tyson also admits that an investigation subsequent to her termination revealed that she made allegations that other conduct occurred to coworkers. Tyson denies the remaining allegations of paragraph 35 of the Complaint.

36.     Tyson denies the allegations contained in paragraph 36 of the Complaint.

37.     Tyson denies the allegations contained in paragraph 37 of the Complaint.

38.     Tyson denies the allegations contained in paragraph 38 of the Complaint.

39.     Tyson denies the allegations contained in paragraph 39 of the Complaint.

40.     Tyson denies the allegations contained in paragraph 40 of the Complaint.

## **<u>AFFIRMATIVE DEFENSES</u>**

A.      Plaintiff fails to state a claim upon which relief may be granted.

B.      Plaintiff failed to mitigate her alleged damages.

C.      Defendant Tyson avers that all personnel actions taken by defendant with respect to the plaintiff were taken for legitimate, non-discriminatory reasons.

D.      Plaintiff was an employee-at-will of defendant.

E.      Plaintiff did not suffer an adverse employment action because she voluntarily abandoned her employment, and was not constructively discharged.

F.      Defendant is entitled to all defenses and presumptions in its favor under Title VII and KRS Chapter 344.

G.      Defendant is entitled to any other relief, in law or in equity, to which it may appear entitled.

H.      Plaintiff's claims for punitive damages are barred by the United States Constitution and the Kentucky Constitution.

I.      Defendant reserves the right to assert all further claims or defenses, whether affirmative or otherwise, about which they presently lack sufficient information, but which may become available during the course of litigation.

WHEREFORE, Defendant requests that the Court dismiss Plaintiff's Complaint and award Tyson its costs incurred in the defense of this action and its reasonable attorneys' fees, for

trial by jury on all issues so triable, and all other relief to which it is properly entitled.

s/Demetrius O. Holloway
Shannon Antle Hamilton
Demetrius O. Holloway
STITES & HARBISON, PLLC
400 West Market Street
Suite 1800
Louisville, KY 40202-3352
Telephone: (502) 587-3400
COUNSEL FOR DEFENDANT, TYSON
FOODS, INC.

## CERTIFICATE OF SERVICE

I hereby certify that on January 19, 2006, I electronically filed the foregoing with the clerk of the court by using the CM/ECF system.

I further certify that I mailed the foregoing document and the notice of electronic filing by United States First Class Mail, to the following non-CM/ECF participants:

W. Keith Ransdell, Esq.  
176 Pasadena Drive  
Building 1  
Lexington, KY 40503

Bradley P. Rhoads, Esq.  
Rhoads & Rhoads, P.S.C.  
115 E. 2nd Street  
Suite 100  
Owensboro, KY 42303

s/Demetrius O. Holloway
Demetrius O. Holloway