UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
OWENSBORO DIVISION

CIVIL ACTION NO. 4:05-CV-183

**AMANDA WEST**                                                                                          **PLAINTIFF**

**V.**

**TYSON FOODS, INC.**                                                                                 **DEFENDANT**

## MEMORANDUM OPINION AND ORDER

These matters are before the Court upon various motions in limine filed by the Plaintiff [DN 42] and the Defendant [DN 44, 45, 46]. Fully briefed, these matters are ripe for decision.

The Plaintiff's motion in limine as to Tyson's exhibits [DN 42] is **GRANTED** as to Exhibit No. 24. With regard to Exhibit No. 27, the motion is **GRANTED** with respect to all records that cannot be properly authenticated at trial.

The Defendant's motion to exclude references to terms implying criminal conduct [DN 44] is **DENIED**.

The Defendant's motion to exclude the Plaintiff's use of a timeline and witness quotations [DN 45] is **DENIED**. The Sixth Circuit has an "established tradition" of permitting the use of demonstrative exhibits that summarize evidence as an aid to the jury as long such a summary is "accompanied by a limiting instruction which informs the jury of the summary's purpose and that it does not constitute evidence." U.S. v. Bakke, 942 F.2d 977, 985-986 (6th Cir. 1991). Further, it is permissible for such evidence to summarize purely testimonial evidence. See, e.g., United States v. Scales, 594 F.2d 558, 563 (6th Cir. 1979); Epstein v. United States, 246 F.2d 563, 570 (6th Cir. 1957). And, although the Court may rule such a summary inadmissible if it is considered "too conclusory or inaccurate," the Defendant has not pointed the Court to any specific inaccuracies in the Plaintiff's summary. See, e.g., United States v. Paulino, 935 F.2d 739, 753 (6th Cir. 1991)(overruled in part for

other reasons). Finally, with respect to the hearsay objections, the majority of the statements are not being offered to the prove the truth of the matter asserted but to prove that the statements were made. The other statements by Tyson supervisors and managers are not hearsay under Rule 801(2)(D).

The Defendant's motion to exclude post-termination investigation evidence [DN 46] is also **DENIED**. The post-termination investigation evidence is relevant because it supports the Plaintiff's claims Tyson "failed to take prompt and appropriate corrective action" prior to her termination and that Tyson's response to West's allegations "manifest indifference or unreasonableness. " See, e.g., McCombs v. Meijer, Inc. 395 F.3d 346, 353 (6th Cir. 2005).

The Plaintiff has also moved for an adverse inference related to the alleged spoliation of the Plaintiff's exit-interview notes. [DN 43]. While the Court seriously questions whether the exit-interview notes constitute the type of missing evidence for which the Sixth Circuit permits an adverse inference jury instruction, it will reserve ruling on this matter until all the proof is heard.

**IT IS SO ORDERED.**

cc: Counsel of Record