## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF KENTUCKY
## OWENSBORO DIVISION

**CIVIL ACTION NO. 4:05-cv-183M**

**AMANDA WEST**                                                                                          **PLAINTIFF**

**V.**

**TYSON FOODS, INC.**                                                                                 **DEFENDANT**

### MEMORANDUM OPINION AND ORDER

This matter is before the Court on Plaintiff Amanda West's ("West") Motion for Attorney's Fees following a jury verdict in her favor on April 25, 2008, for sexual harassment and constructive discharge under the Kentucky Civil Rights Act KRS 344 *et seq* and Title VII of the Civil Rights Act of 1964. [DN 75]. For the reasons set forth below, West's Motion for Attorney's Fees is **GRANTED** in the amount of $151,178.08, including the unadjusted lodestar of $145,820.00 and costs and expenses of $5,358.08.

### I.  STANDARD

A plaintiff who has prevailed under Title VII of the Civil Rights Act of 1964 or the Kentucky Civil Rights Act KRS 344 *et seq* is ordinarily entitled to recover attorney's fees as part of the costs of such an action. See 42 U.S.C.A. § 2000e-5(k); Meyers v. Chapman Printing Co., Inc., 840 S.W.2d 814, 825 (Ky. 1992). The purpose of this award is to encourage "the bringing of meritorious lawsuits by impecunious 'private attorney general' plaintiffs who can ill afford to litigate their claims against defendants with more resources." Fogerty v. Fantasy, Inc., 510 U.S. 517, 524 (1994).

The party seeking attorney's fees bears the burden of documenting his entitlement to the award by showing that he prevailed and that the fee is reasonable. Reed v. Rhodes, 179 F.3d 453, 471-472 (6th Cir. 1999) (citing Webb v. Dyer County Bd. of Educ., 471 U.S. 234, 242 (1985); Blum v. Stenson, 465 U.S. 886, 893 (1984)). To be reasonable, a fee must be "adequately compensatory to attract competent counsel yet [] avoid[] producing a windfall for lawyers." Gonter v. Hunt Valve Company, Inc., 510 F.3d 610, 616 (6th Cir. 2007). The starting (and usually ending) point is the lodestar formula: the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate. Hensley v. Eckerhart, 461 U.S. 424, 434 (1983).

In "rare" or "exceptional" cases courts may adjust the lodestar upward or downward by considering the twelve factors articulated by the Fifth Circuit in Johnson v. Georgia Highway Express, Inc., 488 F.2d 714 (5th Cir. 1974) and adopted by the Supreme Court in Hensley, 461 U.S. at 471. See Geier v. Sundquist, 372 F.3d 784, 792 (6th Cir. 2004). Those factors are as follows:

> (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the skill required to perform the legal service properly; (4) the preclusion of other employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases.

Johnson, 488 F.2d at 717-720; Hensley, 461 U.S. at 434, n.9, 471-472.

## II. DISCUSSION

There is no dispute that West is a "prevailing" party under Title VII or KRS 344 *et seq* for purposes of an award of attorney's fees in the case at bar. At issue is what amount is reasonably and fully compensatory to satisfy the statutes' goal of encouraging the successful representation of meritorious lawsuits. West requests $145,820.00 adjusted upward by fifty percent to $218,730.00, plus costs and expenses of $5,358.08, for a total of $224,088.08. Tyson, for its part, argues that 15.4 hours billed by West's attorney Brad Rhoads to attend a settlement conference and mediation should be excluded from the award of attorney's fees as duplicative, and that enhancement of the lodestar is unwarranted. The Court addresses these claims below.

    A. The Lodestar

    1. Reasonable Hours

West seeks attorney's fees for a total of 729.1 hours. Of this total, Tyson objects only to 15.4 hours billed by Rhoads for attending a settlement conference and mediation. According to Tyson, Rhoads's presence at the settlement conference was duplicative and unnecessary because his billing records indicate that he did not participate in any of the discovery or depositions and did not review any discovery materials. Tyson also notes, by way of comparison, that it had one lawyer attend the settlement conference and one outside counsel attend the mediation, while Rhoads attended both proceedings as West's second attorney.

West, on the other hand, avers that Rhoads was expected to attend both the settlement

conference and the mediation; that he arguably reviewed discovery materials and simply chose not to bill her for that time; and that he was "an active participant" in the proceedings. [DN 79, Exhibit A]. She also contends that Tyson's claim to have "one outside counsel" attend mediation is misleading because Tyson had three individuals attend, at least two of whom were attorneys. Accordingly, she argues that the 15.4 hours spent by Rhoads in attending the settlement conference and mediation were reasonable. The Court agrees.

In determining whether hours are reasonable for purposes of an award of attorney's fees "the standard is whether a reasonable attorney would have believed the work to be reasonably expended in pursuit of success at the point in time when the work was performed." Woolridge v. Marlene Industries Corp., 898 F.2d 1169, 1177 (6th Cir. 1990), *abrogated on other grounds by* Buckhannon Bd. & Care Home, Inc. v.W. Va. Dep't of Health & Human Resources, 532 U.S. 598 (2001). Here, it is undisputed that Rhoads had multiple discussions with co-counsel Ransdell prior to the settlement conference and mediation and was an "active participant" at both of the proceedings. Given this involvement, and the expectation of Ransdell and West that Rhoads would attend, the Court finds that a reasonable attorney would have believed that Rhoads's attendence at the settlement conference and mediation was "reasonably" expended in pursuit of success at the time the work was performed, irrespective of whether he participated in depositions or billed West for review of discovery materials.[1] The reasonable hours for purposes of computing

---

[1] Tyson's decision to have one attorney attend the settlement conference or have one (or two) attorney(s) attend the mediation, without more, does not make West's decision to have two

the lodestar therefore include this time.

      2. Reasonable Hourly Rate

The second half of the lodestar formula is the "reasonable hourly rate." Generally, this rate is assessed according to "the prevailing market rate in the relevant community . . . . for similar services by lawyers of reasonably comparable skill, experience and reputation." Blum v. Stenson, 465 U.S. 886, 892-895, 896 n.11 (1984). Here, Plaintiff's counsel submit that $200.00 is a reasonable hourly rate for Keith Ransdell, Brad Rhoads, and John Roach for work in the Western District of Kentucky, Owensboro and have attached affidavits from several members of the bar to this effect. [DN 75, Exhibits C-H.]. In light of this evidence, and in the absence of any disagreement by Tyson, the Court finds that $200.00 per hour is a reasonable rate for counsels' litigation of West's claim.

      B. Upward Adjustment

West further requests that the Court increase the lodestar amount of $145,820.00 by fifty percent to $218,730.00. In essence, she argues that the case was exceptional because she was awarded substantial monetary damages, and that the twelve Johnson factors favor an enhancement because the case involved significant time and labor, presented complex questions of law, and precluded counsel from taking other work. The Court disagrees.

The Supreme Court has explained that there is "a 'strong presumption' that the lodestar represents the 'reasonable' fee and . . . [that] the fee applicant who seeks more than

---

counsel attend both proceedings unreasonable.

5

that [has] the burden of showing that 'such an adjustment is *necessary* to the determination of a reasonable fee.'" City of Burlington v. Dague, 505 U.S. 557, 562 (1992) (citations omitted) (emphasis added). It follows that only "rare" and "exceptional" cases are suitable for upward adjustment. See Barnes v. City of Cincinnati, 401 F.3d 729, 746 (6th Cir. 2005) (approving of increase to the lodestar where affidavits from area lawyers stated that few attorneys would have taken the case because it was novel and controversial); Geier v. Sundquist, 372 F.3d 784, 792-796 (6th Cir. 2004) (permitting upward adjustment because case was "pathbreaking and of great social import," serving as a vehicle for the desegregation of state-affiliated colleges throughout Tennessee); see also Brotherton v. Cleveland, 141 F. Supp. 2d 907, 913 (S.D. Ohio 2001) (awarding upward adjustment for solo practitioner who took an unpopular case others turned down, achieved exceptional results, and brought to light a novel cause of action); Meredith v. Jefferson County Bd. of Educ., 2007 WL 3342282, *12-13 (W.D. Ky. 2007) (awarding upward adjustment in case that "changed the face of American jurisprudence," where counsel was "vilified" and suffered "adverse public and personal criticism").

Unlike the cases described above, West has failed to produce any evidence that hers was a "rare" and "exceptional" case warranting an upward adjustment of the lodestar formula. Her counsel did not establish a new cause of action; they did not endure public criticism; and the case did not result in a change in the jurisprudence on any of the issues litigated. In short, whatever the amount of the jury's award, this was a "garden-variety" Title VII sexual harassment case. Cf. Baty v. Willamette Industries, Inc., 985 F. Supp. 1002 (D.

Kan. 1997) (concluding that "the large numbers scribed by the jury on the verdict form do not transform [such a] case into a rare or exceptional one for purposes of fee enhancement").

Even if this were an "exceptional" case, however, Plaintiff has failed to show that the application of the Johnson factors supports an upward adjustment of the award. For one thing, the time, labor, skill, and experience required for counsel to successfully litigate this case have already been accounted for through the lodestar calculation. See Pennsylvania v. Delaware Valley Citizens' Council, 483 U.S. 727, 728 (1987) (citing Blum v. Stenson, 465 U.S. 886, 898-901 (1984)); see also Warren v. City of Athens, 2005 U.S. Dist. Lexis 23233, *17 (S.D. Ohio 2005). In addition, although West has alleged that the case was "undesirable," she has presented no evidence whatsoever to support this claim.[2] Cf. Barnes, 401 F.3d at 746; Gomez v. Gates, 804 F. Supp. 69, 75 (C.D. Cal. 1992); see generally Barbara T. Lindemann & Paul Grossman, Employment Discrimination Law, Vol. II, p. 2958 (4th ed. 2007).

The only other Johnson factor advanced by West in favor of an upward adjustment is that her counsel were precluded from pursuing other business matters by taking her case. The evidence, however, is to the contrary. Over the course of forty months, Ransdell exceeded ten (10) hours in only eleven months, twenty (20) hours in only six months, and fifty (50) hours in only four months; Rhoads exceeded ten (10) hours in only two months;

---

[2] Indeed, to the extent that West's ease of finding counsel is probative of the case's undesirability, the record suggests the opposite: West had her exit interview with Tyson's Human Resources Manager Ralph Guizar on Friday, February 18, 2005, and the billing records of Ransdell and Rhoads show that she contacted them on Monday, February 21, 2005, and they represented her from that day forward.

and Roach exceeded two (2) hours in only two months. (Defendant's Response, p. 7); cf. Meredith, 2007 WL 3342282, at *12-13.  Thus, in an average month, Ransdell worked approximately 13.5 hours, Rhoads worked 2.6 hours, and Roach worked .5 hours on West's case. (Id.).  As these hours represent only a small fraction of counsels' professional time, West has failed to show that her lawyers were precluded from pursuing other business by taking her case.  Accordingly, the Court declines to enhance the lodestar figure.

### III. CONCLUSION

For the foregoing reasons, **IT IS HEREBY ORDERED** that West's Motion for Attorney's Fees is **GRANTED** in the amount of $151,178.08.

cc: Counsel of Record